```
                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF OHIO


LEONARD PUTMAN,                  )   CASE NO. 1:05 CV 815
                                 )
        Plaintiff,               )   JUDGE ANN ALDRICH
                                 )
    v.                           )
                                 )   MEMORANDUM OF OPINION
GERALD T. MCFAUL,                )   AND ORDER
                                 )
        Defendant.               )
```

On March 28, 2005, plaintiff pro se Leonard Putman, an inmate at the Mansfield Correctional Institution, filed the above-captioned action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Gerald T. McFaul. The complaint alleges that Putman was not properly credited with jail time awaiting a probation hearing, resulting in his serving an additional 91 days. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

It is well established that section 1983 will not support a

claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). See also, Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it).

Even liberally construed, the complaint does not contain allegations connecting defendant to the asserted violation of plaintiff's federally protected rights, or reasonably suggesting that he encouraged, acquiesced in, or established policies resulting in the violation of such rights.

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE


**Dated: May 16, 2005**